## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1334 | **DATE** | 4/4/2003 |
| **CASE TITLE** | Ai Chen Sun, et al vs. Singapore Airlines, Ltd. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum. If it were not for the likely imminence of an early Supreme Court ruling that will resolve the issue, this Court would be constrained to remand this action to the Circuit Court of Cook County under Section 1447(c). But under the circumstances, this Court will stay its hand pending the Supreme Court's action. In the meantime neither plaintiffs' counsel nor Singapore Airlines' counsel needs to address either the jurisdictional issue or the question of potential remand.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 08 2003 | |
| | Notified counsel by telephone. | | date docketed | 12 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 4/4/2003 | |
| | Copy to judge/magistrate judge. | 03 APR -7 PM 3:44 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AI CHEN SUN, et al.,            )
                                )
            Plaintiffs,          )
                                )
      v.                         )   No. 03 C 1334
                                )
SINGAPORE AIRLINES, LTD., et al.,)
                                )
            Defendants.          )

DOCKETED
APR 08 2003

MEMORANDUM

This aircrash disaster action, brought by a large number of Taiwanese citizens and other persons of Taiwanese origin against Singapore Airlines, Ltd. ("Singapore Airlines") and Boeing Company ("Boeing"), was originally filed in the Circuit Court of Cook County Illinois. Singapore Airlines then filed a timely Notice of Removal to this District Court under the auspices of 28 U.S.C. §1441(d)[1] on the premise that it is a "foreign state" within the meaning of Section 1603. More precisely, it contends that its majority ownership by a true "foreign state" in the ordinary sense of that term qualifies it as "an agency or instrumentality of a foreign state" under Section 1603(b) -- and hence as a "foreign state" under the Section 1603(a) definition.

At this morning's motion call counsel for Singapore Airlines tendered a motion for dismissal of this action on forum non conveniens grounds. Because Singapore Airlines' counsel advised

---

[1] Further citations to Title 28 provisions will simply take the form "Section --."

that he had discussed and reached agreement on the briefing of the matter (including scheduling) with plaintiffs' counsel, who had therefore found no need to appear on the motion call, this Court set a filing date for plaintiffs' response in accordance with the parties' agreement.

But Singapore Airlines' counsel also apprised this Court, during his presentment of the motion to dismiss, that plaintiffs' counsel had announced an intention to file a prompt motion to remand the case to the state court for lack of subject matter jurisdiction. In that respect it appears that an earlier action against Singapore Airlines stemming from the same aircrash disaster (which took place in Taiwan) had been filed in the United States District Court for the Central District of California but had been dismissed there for lack of subject matter jurisdiction because that court held that Singapore Airlines was not a foreign state under Section 6103. That decision, which was based on a rejection of the "tier" approach to the relationship between the corporate defendant and the foreign sovereign, is at odds with Seventh Circuit decisions on the same subject. Indeed, even as this memorandum order is being written the United States Supreme Court has this very matter under consideration in two cases coming from the Ninth Circuit -- Dole Food Co. v. Patrickson, No. 01-593, and Dead Sea Bromine Co. v. Patrickson, No. 01-594, both reported below at 251 F.3d 795 (9th Cir. 2001) -- with oral argument having

taken place on January 22, 2003.

That places this case in a somewhat unusual posture. Even though principles of claim preclusion and issue preclusion do not apply as to substantive issues where an action has been dismissed for lack of federal subject matter jurisdiction, our Court of Appeals has reconfirmed in Perry v. Sheahan, 222 F.3d 309, 318 (7th Cir. 2000):

> Although only judgments on the merits preclude parties from litigating the same cause of action in a subsequent suit, that does not mean that dismissals for lack of jurisdiction have no preclusive effect at all. A dismissal for lack of jurisdiction precludes relitigation of the issue actually decided, namely the jurisdictional issue.

That means Singapore Airlines cannot now relitigate the jurisdictional issue that was decided by the District Court in California, for the final judgment of that court in that respect is entitled to preclusive effect even if an appeal is pending (see e.g. Amcast Indus. Corp. v. Detrex Corp., 45 F.3d 155, 158-60 (7th Cir. 1995)), let alone an appeal that is pending in a different case that poses the same legal issue.

If it were not for the likely imminence of an early Supreme Court ruling that will resolve the issue, this Court would be constrained to remand this action to the Circuit Court of Cook County under Section 1447(c). But under the circumstances, this Court will stay its hand pending the Supreme Court's action. In the meantime neither plaintiffs' counsel nor Singapore Airlines'

counsel needs to address either the jurisdictional issue or the question of potential remand.

                                                                             _____
                                                                             Milton I. Shadur
                                                                             Senior United States District Judge

Date: April 4, 2003